Todd Maybrown
Attorney for Defendant Arlin Jordin
Allen, Hansen, Maybrown & Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, WA 98101
206-447-9681 – Phone
206-447-0839 – Fax
todd@ahmlawyers.com

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.,* KRYSTAL JEFFRIES, <br><br> Plaintiffs, <br><br> v. <br><br> ALL STAR PROPERTY MANAGEMENT, LLC, GIEVE PARKER, and ARLIN REYNOLDS JORDIN, <br><br> Defendants. | NO. 2:22-cv-00067-MKD <br><br> ANSWER TO UNITED STATES OF AMERICA'S COMPLAINT IN INTERVENTION AND CROSS CLAIMS |

In response to Plaintiff United States of America's Complaint in Intervention, Defendant Arlin Jordin answers and alleges as follows:

**I. INTRODUCTION**

1. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 1.

2. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 2.

3. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 3.

4. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 4.

5. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 5.

## II. THE PARTIES, JURISDICTION, AND VENUE

A. <u>The Parties</u>

6. In answer to Paragraph 6, Defendant Arlin Jordin admits the United States has brought this civil enforcement action.

7. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 7.

8. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 8.

9. Defendant Arlin Jordin admits the allegations in Paragraph 9.

10. In answer to Paragraph 10, Defendant Arlin Jordin admits he entered into an Agreement with Defendants Gieve Parker and All Star Property on or about August 27, 2021. As set forth further below, Defendants Gieve Parker and All Star Property breached the express and implied terms of the Agreement and violated the duties owed to Defendant Arlin Jordin. Defendant Arlin Jordin is without sufficient information to admit or deny the balance of the allegations in Paragraph 10.

11. In answer to Paragraph 11, Defendant Arlin Jordin admits he owns properties within the City of Spokane that were to be managed by Defendant All Star Property for a short period of time. In addition, Defendant Arlin Jordin admits he is in custody at Coyote Ridge Corrections Center in Connell, Washington. Defendant Arlin Jordin admits he had contact with Defendants Gieve Parker during the relevant time periods, but such contact was limited on account of his circumstances. Defendant Arlin Jordin has no knowledge of the unlawful conduct as alleged in this Complaint. Defendant Arlin Jordin did not authorize or permit Defendants Gieve Parker or All Star Property to engage in unlawful conduct.

12. In answer to Paragraph 12, Defendant Arlin Jordin admits he terminated the Agreement with Defendants Gieve Parker and All Star Property. Defendant Arlin Jordin denies the balance of the allegations in Paragraph 12.

13. In answer to Paragraph 13, Defendant Arline Jordin admits Krystal Jeffries filed a *qui tam* complaint against Defendants Gieve Parker and All Star Property. Defendant Arlin Jordin is without sufficient information to admit or deny the balance of the allegations in Paragraph 13.

   B.  <u>Jurisdiction and Venue</u>

14. Defendant Arlin Jordin admits the allegations in Paragraph 14.

15. Defendant Arlin Jordin admits the allegations in Paragraph 15.

16. Defendant Arlin Jordin admits the allegations in Paragraph 16.

17. In Answer to Paragraph 17, Defendant Arlin Jordin admits this Court may exercise personal jurisdiction over Defendant Arlin Jordin. Defendant Arlin Jordin denies the balance of the allegations in Paragraph 17.

### III. LEGAL BACKGROUND

   A.  <u>The False Claims Act</u>

18. Insofar as these are legal claims, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 18.

19. Insofar as these are legal claims, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 19.

20. Insofar as these are legal claims, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 20.

21. Insofar as these are legal claims, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 21.

22. Insofar as these are legal claims, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 22.

23.     Insofar as these are legal claims, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 23.

24.     Insofar as these are legal claims, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 24.

25.     Insofar as these are legal claims, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 25.

26.     Insofar as these are legal claims, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 26.

B.    The Treasury and Rental Assistance Program ("T-RAP")

27.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 27.

28.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 28.

29.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 29.

30.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 30.

31.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 31.

C.    T-RAP Application Requirements

32.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 32.

33.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 33.

34.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 34.

35. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 35.

36. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 36.

37. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 37.

38. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 38.

39. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 39.

## IV.  THE FRAUDULENT SCHEME

A. <u>Gieve Parker's and All Star Property's False and Fraudulent T-RAP Rent Payment Agreement Forms</u>

40. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 40.

41. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 41.

42. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 42.

43. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 43

44. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 44.

45. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 45.

46. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 46.

47. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 47.

  B. <u>Gieve Parkers and All Star Property Fraudulently Sought and Obtained T-RAP Funds for Which They Were Not Eligible</u>

48. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph.

49. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 49.

50. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 50.

51. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 51.

52. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 52.

53. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 53.

  C. <u>Gieve Parker's and All Star Property's Certification and Submission of False and Fraudulent T-RAP Rent Payment Agreement Forms Were False and Fraudulent Claims for Payment</u>

54. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 54.

55. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 55.

          a.     <u>Tenant K.J.</u>

56. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 56.

57. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 57.

58. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 58.

59. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 59.

60. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 60.

61. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 61.

62. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 62.

          b.     <u>Tenant K.B.</u>

63. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 63.

64. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 64.

65. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 65.

66. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 66.

67. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 67.

68.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 68.

69.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 69.

70.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 70.

71.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 71.

                c.     <u>Tenants S.S.1 and S.W.</u>

72.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 72.

73.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 73.

74.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 74.

75.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 75.

76.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 76.

77.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 77.

78.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 78.

79.     Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 79.

d. <u>Tenants D.A. and B.M.</u>

80. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 80.

81. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 81.

82. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 82.

83. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 83.

84. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 84.

85. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 85.

86. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 86.

87. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 87.

e. <u>Tenant J.P.</u>

88. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 88.

89. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 89.

90. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 90.

91. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 91.

92. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 92.

93. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 93.

94. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 94.

    D. <u>False Claims Submitted and Caused to be Submitted by Gieve Parker and All Star Property</u>

95. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 95.

96. Defendant Arlin Jordin is without sufficient information to admit or deny the allegations in Paragraph 96.

## **COUNT I**
**(Violation of False Claims Act)**
**(31 U.S.C. § 3729(a)(1)(A))**

97. Defendant Arlin Jordin restates the answer herein.

98. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 98.

99. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 99.

100. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 100.

101. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 101.

### COUNT II
**(Violation of False Claims Act)**
**(31 U.S.C. § 3729(a)(1)(B))**

102. Defendant Arlin Jordin restates the answers herein.

103. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 103.

104. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 104.

105. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 105.

106. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 106.

### COUNT III
**(Violation of False Claims Act)**
**(31 U.S.C. § 3729(a)(1)(G))**

107. Defendant Arlin Jordin restates the answers herein.

108. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 108.

109. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 109.

110. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 110.

111. Because these allegations are directed solely at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 111.

## COUNT IV
**(Payment by Mistake)**

112. Defendant Arlin Jordin restates his answers herein.

113. Insofar as these allegations are directed at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 113. Defendant Arlin Jordin denies the balance of the allegations in Paragraph 113.

114. Insofar as these allegations are directed at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 114. Defendant Arlin Jordin denies the balance of the allegations in Paragraph 114.

## COUNT V
**(Unjust Enrichment)**

115. Defendant Arlin Jordin restates his answers herein.

116.  Insofar as these allegations are directed at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 116. Defendant Arlin Jordin denies the balance of the allegations in Paragraph 116.

117.  Insofar as these allegations are directed at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 117. Defendant Arlin Jordin denies the balance of the allegations in Paragraph 117.

## COUNT VI
### (Negligence)

118.  Defendant Arlin Jordin restates his answers herein.

119.  Insofar as these allegations are directed at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 119. Defendant Arlin Jordin denies the balance of the allegations in Paragraph 119.

120.  Insofar as these allegations are directed at Defendants Gieve Parker and All Star Property, Defendant Arlin Jordin will neither admit nor deny the allegations in Paragraph 120. Defendant Arlin Jordin denies the balance of the allegations in Paragraph 120.

## DEFENDANT ARLIN JORDIN'S AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint does not state sufficient facts to state a cause of action against Defendant Arlin Jordin.

2.  Plaintiff's damages, if any, were caused or contributed by the acts of omissions of third parties over who Defendant Arlin Jordin exercised no control or right to control.

3.  Plaintiff or the persons under Plaintiff's control were at fault in how it conducted its affairs relative to the incident described in Plaintiff's Complaint. Such fault caused or contributed to the damages complained of in this case.

4.  People or entities other than Defendant Arlin Jordin caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of the Plaintiff

in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the complaint.

5. To the extent discovery reveals supporting evidence, Defendant Arlin Jordin reserves the right to claim that Plaintiffs have failed to properly and reasonably mitigate any damages or injuries sustained, thereby limiting the Plaintiffs' recovery insofar as any damages were aggravated or exacerbated by the failure to mitigate.

6. As investigation and discovery into Plaintiff's claims are ongoing, Defendants reserve the right to amend and supplement its answers, including assertion of additional affirmative defenses and counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations contained in the Complaint, and having asserted its affirmative defenses, Defendants prays as follows:

1. That Plaintiff takes nothing under the Complaint, and that the Complaint be dismissed with prejudice;

2. That the Court enter judgment in favor of Defendant Arlin Jordin;

3. That the Court award Defendant Arlin Jordin the costs, expenses, and attorneys' fees incurred to defend against the claims asserted in the Complaint; and

4. That the Court award Defendant Arlin Jordin such further and other relief as this Court deems just and proper.

*ANSWER TO PLAINTIFF UNITED STATES OF AMERICA'S*
*COMPLAINT IN INTERVENTION AND CROSS-CLAIMS – 14*

## DEFENDANT ARLIN JORDIN'S CROSS-CLAIMS AGAINST DEFENDANTS GIEVE PARKER AND ALL STAR PROPERTY

ARLIN JORIDIN, hereby files its Cross-Claims alleging that Defendant Gieve Parker, individually, and through her company, Defendant All Star Property Management, LLC, engaged in the following unlawful conduct:

### COUNT I
### (Breach of Contract)

1. On or about August 27, 2021, Arlin Jordin entered into a written Agreement with Defendants Gieve Parker and All Star Property. Pursuant to this Agreement, Defendants Gieve Parker and All Star Property agreed to "exclusively to rent, lease, operate, and manage" several properties owned by Arlin Jordin. On information and believe, this Agreement was drafted by Defendant Gieve Parker and its agents.

2. When entering into this Agreement, Defendant Gieve Parker was aware that Arlin Jordin was incarcerated at the Coyote Ridge Correction Center, and therefore unable to monitor or supervise the activities of Defendants Gieve Parker and All Star Property. Defendants Gieve Parker and All Star Property took advantage of these circumstances, and chose to mislead, deceive and disadvantage Arlin Jordin throughout the term of the Agreement.

3. By entering into this Agreement, Defendants Gieve Parker and All Star Property became the agents for Arlin Jordin. As such, Defendants Gieve Parker and All Star Property accepted duties of performance by which Defendants Gieve Parker and All Star were required to act consistent with the accepted customs and practices of a property manager in the City of Spokane. As such, Defendants Gieve Parker and All Star Property became the fiduciaries for Arlin Jordin.

4.   Arlin Jordin relied upon the express and implied promises of Defendants Gieve Parker and All Star Property under this Agreement.

5.   Among these express and implied promises, Defendants Gieve Parker and All Star Property agreed to abide by all legal requirements – including applicable federal laws, state laws, local ordinances, and regulations – when renting, leasing, operating and managing Arlin Jordin's properties.

6.   Among these express and implied promises, Defendants Gieve Parker and All Star Property agreed to provide a complete and accurate accounting to Arlin Jordin.

7.   Among these express and implied promises, Defendants Gieve Parker and All Star Property agreed to provide accurate and complete records to Defendant Arlin Jordin.

8.   Among these express and implied promises, Defendants Gieve Parker and All Star Property agreed to collect lawful rental payments to Arlin Jordin.

9.   Among these express and implied promises, Defendants Gieve Parker and All Star Property agreed to transfer lawful rental payments to Arlin Jordin.

10.   Among these express and implied promises, Defendants Gieve Parker and All Star Property agreed to truthfully and accurately report their activities to Arlin Jordin.

11.   Among these express and implied promises, Defendants Gieve Parker and All Star Property agreed to use due diligence in the management of Arlin Jordin's properties.

12.   Among these express and implied promises, Defendants Gieve Parker and All Star Property agreed to contract out needed repairs to contractors, pay expenses, and provide complete and accurate receipts to Arlin Jordin.

13.     Among these express and implied promises, Defendants Gieve Parker and All Star Property agreed to hire, discharge and coordinate all labor and subcontractors required for the operation and maintenance of the premises.

14.     Defendants Gieve Parker and All Star Property failed to abide by the express and implied promises of the Agreement as set forth above.

15.     On information and belief, Defendants Gieve Parker and All Star Property misappropriated funds owing to Arlin Jordin.

16.     On information and belief, Defendants Gieve Parker and All Star Property engaged in schemes to defraud the United States and Arlin Jordin.

17.     By reason of the facts and circumstances stated herein, Defendants Gieve Parker and All Star Property breached the Agreement with Arlin Jordin.

18.     By reason of the facts and circumstances stated herein, Defendants Gieve Parker and All Star Property have caused financial harm to Arlin Jordin in an amount to be proven at trial.

## COUNT II
**(Breach of Fiduciary Duties)**

19.     Arlin Jordin repeats and realleges the allegations contained in Paragraphs 1 through 18 above, as if fully set forth herein.

20.     By entering into this Agreement, Defendants Gieve Parker and All Star Property owed fiduciary duties of care, loyalty and good faith to Arlin Jordin. These duties included obligations to abide by all applicable laws, ordinances and regulations, to exercise good business judgment, to act prudently, to discharge their actions in good faith, to act in the best interests of Arlin Jordin, and to put the interests of Arlin Jordin before their own.

21.     Defendants Gieve Parker and All Star Property breached their duties as a fiduciary by, among other things, failing to abide by all laws, ordinances and regulations during the management of Arlin Jordin's properties.

22.     Defendants Gieve Parker and All Star Property breached their duties as a fiduciary by, among other things, illegally engaging in schemes to defraud the United States and Arlin Jordin.

23.     Defendants Gieve Parker and All Star Property breached their duties as a fiduciary by, among other things, misappropriating funds owing to Arlin Jordin.

24.     By reason of the facts and circumstances stated herein, Defendants Gieve Parker and All Star Property have caused financial harm to Arlin Jordin in an amount to be proven at trial.

## COUNT III
### (Indemnification and Contribution)

25.     Arlin Jordin repeats and realleges the allegations contained in Paragraphs 1 through 24 above, as if fully set forth herein.

26.     Arlin Jordin was not an active participant in the acts of Defendants Gieve Parker and All Star Property that may have caused harm to the United States and Arlin Jordin.

27.     By reason of the facts and circumstances stated herein, Defendants Gieve Parker and All Star Property owe a duty of indemnification to Arlin Jordin.

28.     By reason of the facts and circumstances stated herein, Defendants Gieve Parker and All Star Property owe a duty of contribution to Arlin Jordin.

### DEFENDANT ARLIN JORDIN'S PRAYER FOR RELIEF

1.     That judgment be entered in favor of Arlin Jordin;

2. That Arlin Jordin be awarded damages in an amount to be proven at trial;

3. That Arlin Jordin be awarded attorney's fees and costs to the extent the law allows; and

4. That Arlin Jordin be awarded such further and other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 29th day of April, 2024.

    */s/ Todd Maybrown*
Todd Maybrown
Attorney for Defendant Arlin Jordin
Allen, Hansen, Maybrown & Offenbecher, P.S.

# CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

DATED at Seattle, Washington this 29th day of April, 2024.

*/s/ Sarah Conger*
Sarah Conger, Legal Assistant
Allen, Hansen, Maybrown & Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, WA 98101
206-447-9681 – Phone
206-447-0839 – Fax
sarah@ahmlawyers.com